# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**       Case No.    03-CR-218

**JAMES LAWRENCE SURA,**

    **Defendant.**

## DECISION AND ORDER

This Court accepted the guilty plea of James Sura ("Sura") and, on February 23, 2005, entered an amended judgment against him, sentencing him to 30 months imprisonment, for violating 18 U.S.C. §§ 922(g)(1) & 924(a)(2). On February 24, 2005, Sura filed his Notice of Appeal. Since that time, Sura has paid the filing fee for his appeal, but has filed various motions to proceed *in forma pauperis* ("IFP") in this Court in an attempt to obtain a transcript of his sentencing. The Court denied such a motion most recently on September 14, 2005.

On September 21, 2005, the Court received a letter authored by Sura, in which he seeks "to get a few things straight." The contents of this letter clarify or correct information contained in his most recent petition to obtain IFP status. In its September 21 Order, the Court stated that, among other reasons for denying his motion, Sura had identified possessing

$26,000 in cash. In his recent missive, Sura states that he "never said we [Sura and his spouse] had $26,000.00." Sura also informs the Court that certain social security income ceased with his incarceration.[1]

The Court construes Sura's September 21, 2005 letter as a motion to reconsider the Court's order of September 14, 2005. Even given such liberal construction, Sura has not provided any reason for the Court to reconsider the denial of his motion to appeal *in forma pauperis*. The key piece of information contained in Sura's letter is his contention that he did not declare $26,000 in cash on his most recent financial affidavit. Sura now claims that his affidavit stated he had $2,600 for property tax purposes. Sura does not state that his previous affidavit contained any error. Rather, his letter suggests that the Court erred in reading the figures he inserted.

The Court has re-examined Sura's September 13, 2005 motion for leave to proceed *in forma pauperis*. The answer to question four on page three of the affidavit clearly and unmistakably identifies $26,000 in cash possessed by Sura and/or his spouse. In its prior order, the Court noted that this figure might be erroneous, but there was no way of determining its accuracy. That number was provided, under penalty of perjury, by Sura. Now, however, he states that the Court misread that figure–not that he erred, but that the

---

[1] Sura states that "[t]he $90.00 social security check stopped in March when I was incarcerated . . . ." The Court, however, does not see a listing for $90 social security payments on Sura's most recent motion to proceed on appeal IFP.

2

Court erred. Furthermore, he provides a new figure in his recent missive, a representation neither sworn to nor made under penalty of perjury.

Sura, if he made errors on his prior motion, could have corrected those errors by submitting an amended motion. This apparently was not an option insofar as Sura believes that the error is the Court's. Sura is entitled to maintain that belief. However, the Court, absent a showing of error, will not rewrite the affidavit that Sura swore to. Nor will it take his unsworn word regarding how the Court should have understood what he originally proffered. If Sura believes that he has been denied IFP status wrongly, he may petition the Court of Appeals pursuant to Rule 24(a)(5) of the Federal Rules of Appellate Procedure.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Sura's letter, received by the Court on September 21, 2005 (Docket No. 56), is construed as a Motion to Reconsider, and that motion is **DENIED**.

Dated at Milwaukee, Wisconsin this 4th day of October, 2005.

**BY THE COURT**

s/ Rudolph T. Randa
**Hon. Rudolph T. Randa**
**Chief Judge**